Atkinson, J.,
delivered the opinion of the court:
This case is now before the court on motion of defendants’ counsel for a new trial, alleging error of law in the former decision of the court.
The facts, briefly stated, as found on the former hearing of the case, are: The Government engineer in charge prepared specifications and advertised the same, for bids to furnish 20 or more teams to haul willow brush between Natchez and Vicksburg, Miss., to be used in the Government work of improving the navigation of the Mississippi Eiver, covering the period from June 15, 1910, to March 1, 1911. Plaintiff’s bid being the lowest one submitted, he was informed in writing by the engineer in charge that his bid was accepted, and he thereupon furnished the required number of teams and entered upon the work at the time mentioned in the published specifications, when, on October 13, 1910, the agreement was annulled by said engineer, without written notice to plaintiff. He thereupon brought suit against the United States to recover damages for the difference between the actual cost of the teams to him and the agreed price of the same from the time of its abrogation to the period when it would have expired by its own limitation.
At the former hearing no question was raised as to the validity of the contract as described, and judgment was awarded in favor of the plaintiff for $3,035.58, for the breach of the same.
The point is made for the first time, upon the motion for a new trial, that the contract is void under section 3744 of the Eevised Statutes. Said section reads as follows:
“ It shall be the duty of the Secretary of War, of the Secretary of the Navy, and of the Secretary of the Interior, to cause and require every contract made by them severally on behalf of the Government, or by their officers under them appointed to make such contract, to be reduced to writing, and signed by the contracting parties with their names at *312 the end thereof; a copy of which shall be filed by the officer making and signing the contract in the returns office of the Department of the Interior, as soon after the contract is made as possible, and within thirty days, together with all bids, offers, and proposals to him made by persons to obtain the same, and with a copy of any advertisement he may have published inviting bids, offers, or proposals for the same. All the copies and papers in relation to each contract shall be attached together by a ribbon and seal, and marked by numbers in regular order, according to the number of papers composing the whole return.”
It has been settled by many decisions of this court and the Supreme Court also that the statute named is mandatory. In the case of South Boston Iron Company v. The United States (18 U. S., 37, 42), Mr. Chief Justice Waite in delivering the opinion of the court said:
“ In Clark v. The United States (95 U. S., 539) it was decided that, to bind the United States, contracts by the Navy Department must be in writing, and signed by the contracting parties. Such, in the opinion of the court, was the effect of the act of June 2, 1862, 12 Stat., 411, ch. 93, now in force as sections 3744-3747 and sections 512-515 of the Devised Statutes. An effort has been made in this case to show a contract in writing, but we agree entirely with the Court of Claims that the papers relied on for that purpose are nothing more in law or in fact than the preliminary memoranda made by the parties for use in preparing a contract for execution in the form required by law. This was never done, and, therefore, the United States never became bound.”
So that the only question in the- present case is whether the facts as stated show a contract within the statute.
It appears too plain for argument that the making of a bid and its acceptance, both in writing, though otherwise a valid •contract, do not constitute a contract “reduced to writing and signed by the contracting parties with their names at the end thereof,” as provided by said statute.
The facts in this case are much like the facts in the case of the South Boston Iron Works, supra, which decision is controlling here.
A new trial is allowed, and the case is remanded to the general docket for such further proceedings as the parties may see fit to take in conformity with this opinion.